Before the First Division, April 2, 1948

**No. 52244.**—Display Eximport, Inc. *v.* United States, protest 135258–K (New York).

Opinion by Oliver, P. J.   At the trial there was received in evidence a photograph (exhibit 1) showing a set of five animals of various sizes.   The import manager of the plaintiff corporation testified that these animals were used for display purposes and not as toys; that exhibit 1 was representative of the importation; and that the figures were made entirely of wood and painted.   The court stated that in customs litigation the importer, in protesting the classification of the collector, assumes the burden of establishing not only that the classification was erroneous but also that his own contention is correct.   (*United States* v. *Gardel Industries*, 33 C. C. P. A. 118, C. A. D. 325.)   The plaintiff herein having failed to sustain its burden of proof, the protest was overruled.

Before the Second Division, April 2, 1948

**No. 52245.**—William Prentiss, Jr., Trustee in Bankruptcy of National Merchandise Corporation, Bankrupt *v.* United States, protest 130032–K (Los Angeles).

Opinion by Tilson, J.   It was stipulated that certain items of the merchandise consist of imitation gut similar in all material respects to that the classification of which was involved in *Bush* v. *United States* (34 C. C. P. A. 17, C. A. D. 338). Upon the established facts and following the cited authority, the claim of the plaintiff was sustained.

**No. 52246.**—Louis Meyers & Son, Inc. *v.* United States, protest 102089–K (New York).

Opinion by Kincheloe, J.   It was stipulated that the merchandise consists of cotton fabric the same in all material respects as the fabric of which the gloves the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333) were made.   The claim at 35 percent under paragraph 914, plus any additional duty applicable under paragraph 924, was therefore sustained.